LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (Bar No. 144074)
   dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

LAW OFFICE OF JOHN C. FATTAHI
   John C. Fattahi, Esq. (Bar No. 247625)
   jfattahi@gmail.com
1010 North Central Avenue
Glendale, California  91202
Telephone:   (818) 839-1983
Facsimile:    (818) 561-3600

*Attorneys for Plaintiffs Anthony Del Real,
Brittany Del Real Davis, and Shirley
Lowery*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEL REAL, individually and as successor-in-interest to John Del Real, Jr.; BRITTANY DEL REAL DAVIS, individually and as successor-in-interest to John Del Real Jr.; and SHIRLEY LOWERY,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>CITY OF LONG BEACH; OFFICER JASON M. KIRK; OFFICER JAYSON O. TORRES; OFFICER JONATHAN COLE; OFFICER CHRISTOPHER BRAMMER; OFFICER BRIAN J. GREENE; OFFICER LORENZO J. URIBE; EARL CARTER; and DOES 6-10, inclusive,<br><br>                    Defendants. | Case No. CV 14-02831 MWF (AJWx)<br><br>**SECOND AMENDED COMPLAINT**<br><br>1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983); 2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983); 3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983); 4. Due Process—Interference with Familial Relationship (42 U.S.C. § 1983); 5. Municipal and Supervisory Liability (42 U.S.C. § 1983); 6. False Arrest/False Imprisonment; 7. Battery; 8. Negligence; 9. Negligence—Bystander; 10. Violation of Bane Act (Cal. Civ. Code § 52.1); 11. Civil Rights Conspiracy (42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs Anthony Del Real, Brittany Del Real Davis, and Shirley Lowery, for their Complaint against Defendants City of Long Beach, Officer Jason M. Kirk, Officer Jayson O. Torres, Officer Jonathan Cole, Officer Christopher Brammer, Officer Brian J. Greene, Officer Lorenzo J. Uribe, Earl Carter, and Does 6-10, inclusive, and allege as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in this district, and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of Plaintiffs' son and father, John Del Real, Jr. ("DECEDENT"), on September 26, 2013.

## PARTIES

4.     At all relevant times, Decedent John Del Real, Jr. was an individual residing in the County of Los Angeles, California.

5.     Plaintiff ANTHONY DEL REAL ("DEL REAL") is an individual residing in the County of Los Angeles, California and is the natural born child of DECEDENT.  DEL REAL sues both in his individual capacity as the child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  DEL REAL seeks both survival and wrongful death damages under federal and state law.

6.     Plaintiff BRITTANY DEL REAL DAVIS ("DAVIS") is an individual residing in the State of Colorado, and is the natural born child of DECEDENT. DAVIS sues both in her individual capacity as the child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  DAVIS seeks both survival and wrongful death damages under federal and state law.

7.     Plaintiff SHIRLEY LOWERY ("LOWERY") is an individual residing in the County of Los Angeles, California, and is the natural mother of DECEDENT. LOWERY sues in her individual capacity as the mother of DECEDENT.

8.     At all relevant times, Defendant CITY OF LONG BEACH ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued.  CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City of Long Beach Police Department ("LBPD") and its agents and employees.  At all relevant times, CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the LBPD and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants OFFICER JASON M. KIRK ("KIRK"), OFFICER JAYSON O. TORRES ("TORRES"); OFFICER JONATHAN COLE ("COLE"); OFFICER CHRISTOPHER BRAMMER ("BRAMMER"); OFFICER BRIAN J.

1  GREENE ("GREENE"); OFFICER LORENZO J. URIBE ("URIBE"); and EARL

2  CARTER ("CARTER").

3          9.      At all relevant times, Defendants KIRK, TORRES, COLE,

4  BRAMMER, GREENE, and URIBE were police officers for the LBPD, and

5  Defendant CARTER was a police assistant for the LBPD.  KIRK, TORRES, COLE,

6  BRAMMER, GREENE, and URIBE were acting under color of law within the

7  course and scope of their duties as police officers for the LBPD, and CARTER was

8  acting under color of law within the course and scope of his duties a police assistant

9  for the LBPD.  KIRK, TORRES, COLE, BRAMMER, GREENE, URIBE, and

10  CARTER were acting with the complete authority and ratification of their principal,

11  Defendant CITY.

12          10.     Defendants DOES 6-8 are supervisory officers for the LBPD who were

13  acting under color of law within the course and scope of their duties as police

14  officers for the LBPD.  DOES 6-8 were acting with the complete authority and

15  ratification of their principal, Defendant CITY.

16          11.     Defendants DOES 9-10 are managerial, supervisorial, and

17  policymaking employees of the LBPD, who were acting under color of law within

18  the course and scope of their duties as managerial, supervisorial, and policymaking

19  employees for the LBPD.  DOES 9-10 were acting with the complete authority and

20  ratification of their principal, Defendant CITY.

21          12.     On information and belief, KIRK, TORRES, COLE, BRAMMER,

22  GREENE, URIBE, CARTER, and DOES 6-10 were residents of the County of Los

23  Angeles.

24          13.     In doing the acts and failing and omitting to act as hereinafter

25  described, Defendants KIRK, TORRES, COLE, BRAMMER, GREENE, URIBE,

26  and CARTER were acting on the implied and actual permission and consent of

27  Defendants DOES 6-10.

28

14.    In doing the acts and failing and omitting to act as hereinafter described, Defendants KIRK, TORRES, COLE, BRAMMER, GREENE, URIBE, CARTER, and DOES 6-10 were acting on the implied and actual permission and consent of the CITY.

15.    The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 6-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

16.    At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

17.    All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

18.    KIRK, TORRES, COLE, BRAMMER, GREENE, URIBE, CARTER, and DOES 6-10 are sued in their individual capacity.

19.    On December 23, 2013, Plaintiffs filed comprehensive and timely claims for damages with the City of Long Beach pursuant to applicable sections of the California Government Code.

20.    On January 30, 2014, the City of Long Beach denied said claims.

21.    On February 18, 2014, Plaintiff DEL REAL filed an amendment to his original claim filed on December 23, 2014.  The City of Long Beach denied this claim on February 24, 2014.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

22.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 21 of this Complaint with the same force and effect as if fully set forth herein.

23.    On September 26, 2013, at approximately 4:00 PM, DECEDENT received several calls on his mobile phone from CARTER.  At approximately 5:00 PM, CARTER threatened to kick down the door to DECEDENT's residence and told DECEDENT to come outside his home, and DECEDENT complied. DECEDENT walked down to the alley leading toward East 17th Street.  When DECEDENT reached East 17th Street, a dark truck pulled up, and DECEDENT started to approach the truck.  A plainclothes LBPD officer, KIRK, emerged from the truck with his gun drawn.  At no time did KIRK identify himself as a police officer.  Without warning KIRK shot DECEDENT approximately five times and struck him approximately three times, including at least one shot to the back of DECEDENT's head.  Within seconds of the shooting, several more officers in marked police vehicles, including TORRES, COLE, BRAMMER, GREENE, and URIBE, arrived on the scene.  With their guns drawn, the officers surrounded DECEDENT, who was lying on the ground in a pool of blood.  DECEDENT was not armed with a gun at any time during the incident.

24.    Plaintiff DEL REAL was present at the scene when the shooting occurred.  DEL REAL was aware that DECEDENT was being injured at the time of the shooting.

25.    After being shot, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment.  Defendants

did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

26.     The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, and DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

27.     Plaintiff LOWERY was dependent on DECEDENT, to some extent, for the necessities of life.

28.     Plaintiffs DAVIS and DEL REAL are DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT's interest in this action as the biological children of DECEDENT.

### FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(By Plaintiffs DEL REAL and DAVIS against Defendants KIRK, TORRES, COLE, BRAMMER, GREENE, URIBE, and CARTER)

29.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30.     Defendants KIRK, TORRES, COLE, BRAMMER, GREENE, URIBE, and CARTER detained DECEDENT without reasonable suspicion and arrested him without probable cause.

31.     When Defendants KIRK, TORRES, COLE, BRAMMER, GREENE, URIBE, and CARTER demanded that DECEDENT exit his home, pointed a gun at DECEDENT, shot DECEDENT, and otherwise inhibited DECEDENT's freedom of

1  movement, they violated DECEDENT's right to be secure in his person against

2  unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth

3  Amendment to the United States Constitution and applied to state actors by the

4  Fourteenth Amendment.

5       32.    The conduct of Defendants KIRK, TORRES, COLE, BRAMMER,

6  GREENE, URIBE, and CARTER was willful, wanton, malicious, and done with

7  reckless disregard for the rights and safety of DECEDENT and therefore warrants

8  the imposition of exemplary and punitive damages as to these defendants.

9       33.    As a result of their misconduct, Defendants KIRK, TORRES, COLE,

10  BRAMMER, GREENE, URIBE, and CARTER are liable for DECEDENT's

11  injuries, either because they were integral participants in the wrongful detention and

12  arrest, or because they failed to intervene to prevent these violations.

13       34.    Plaintiffs DEL REAL and DAVIS bring this claim as successors-in-

14  interest to the DECEDENT, and seek both survival and wrongful death damages for

15  the violation of DECEDENT's rights.

16

17                        **SECOND CLAIM FOR RELIEF**

18  **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

19   (By Plaintiffs DEL REAL and DAVIS against Defendants KIRK and CARTER)

20       35.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1

21  through 34 of this Complaint with the same force and effect as if fully set forth

22  herein.

23       36.    Defendant KIRK's unjustified shooting deprived DECEDENT of his

24  right to be secure in his person against unreasonable searches and seizures as

25  guaranteed to DECEDENT under the Fourth Amendment to the United States

26  Constitution and applied to state actors by the Fourteenth Amendment.

27

28

37.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

38.     As a result of their misconduct, Defendants KIRK and CARTER are liable for DECEDENT's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

39.     The conduct of Defendant KIRK and CARTER was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to these defendants.

40.     The shooting was excessive and unreasonable, and DECEDENT posed no immediate threat of death or serious bodily injury at the time of the shooting. Further, Defendant KIRK's shooting and use of force violated his training and standard police training.

41.     Plaintiffs DEL REAL and DAVIS bring this claim as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.


**THIRD CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

**(By Plaintiffs DEL REAL and DAVIS against Defendants KIRK, TORRES, COLE, BRAMMER, GREENE, and URIBE)**

42.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43.     The denial of medical care by Defendants KIRK, TORRES, COLE, BRAMMER, GREENE, and URIBE deprived DECEDENT of his right to be secure

in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44.    As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

45.    Defendants KIRK, TORRES, COLE, BRAMMER, GREENE, and URIBE knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

46.    The conduct of KIRK, TORRES, COLE, BRAMMER, GREENE, and URIBE was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to these defendants.

47.    As a result of their misconduct, Defendants KIRK, TORRES, COLE, BRAMMER, GREENE, and URIBE are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

48.    Plaintiffs DAVIS and DEL REAL bring this claim as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

**FOURTH CLAIM FOR RELIEF**

**Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**

(By all Plaintiffs against Defendants KIRK and CARTER)

49.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50.     DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

51.     Plaintiffs DEL REAL and DAVIS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' familial relationship with their father, DECEDENT.

52.     Plaintiff LOWERY had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

53.     The aforementioned actions of KIRK and CARTER, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

54.     KIRK and CARTER thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

55.     As a direct and proximate cause of the acts of KIRK and CARTER, DECEDENT suffered pain and suffering and lost his life.  Plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

56.     Plaintiffs seek wrongful death damages under this claim in their individual capacities.  DEL REAL and DAVIS also seek survival damages under this claim as successors-in-interest to DECEDENT.

57.     The conduct of KIRK and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants KIRK and DOE OFFICERS.

## FIFTH CLAIM FOR RELIEF

### Municipal and Supervisory Liability (42 U.S.C. § 1983)

(By Plaintiffs DEL REAL, DAVIS, and LOWERY against Defendants CITY, KIRK, and DOES 6-10)

58.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth herein.

59.     On information and belief, Defendant KIRK's unjustified shooting of DECEDENT was found to be within LBPD policy by DOES 6-10.

60.     On information and belief, Defendant KIRK's unjustified shooting of DECEDENT was ratified by LBPD supervisorial officers, DOES 6-10.

61.     On information and belief, Defendant KIRK was not disciplined for the unjustified shooting DECEDENT.

Case No. CV 14 -02831 MWF (AJWx)
SECOND AMENDED COMPLAINT

62.     On and for some time prior to September 26, 2013 (and continuing to the present date), Defendants CITY, KIRK, and DOES 6-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a)     Employing and retaining as police officers and other personnel, including KIRK, TORRES, COLE, BRAMMER, GREENE, and URIBE, and CARTER, whom Defendants CITY, KIRK, and DOES 6-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written LBPD policies and constitutional mandates regarding unreasonable seizures;

(b)     Condoning and fostering unreasonable seizures by inadequately supervising, training, controlling, assigning, and disciplining CITY police officers and other personnel, including KIRK, TORRES, COLE, BRAMMER, GREENE, and URIBE, and CARTER, whom Defendants CITY, KIRK, and DOES 6-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force that shocks the conscience;

(c)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants KIRK, TORRES, COLE, BRAMMER, GREENE, and URIBE, and CARTER, who are police officers and/or agents of CITY;

      (d)    Failing to discipline CITY police officers' and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

      (e)    Ratifying the intentional misconduct of KIRK, TORRES, COLE, BRAMMER, GREENE, and URIBE, and CARTER and other police officers and/ or agents, who are police officers and/or agents of CITY;

      (f)    Having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of Defendants CITY, KIRK, and DOES 6-10 were maintained with a deliberate indifference to individuals' safety and rights;

      (g)    Failing to properly investigate claims of unlawful detention and excessive force by CITY police officers; and

      (h)    Failing to properly supervise and control police assistants, including CARTER, and failing to establish sufficient policies regarding the use of police assistants to protect the constitutional rights of persons such as DECEDENT and Plaintiffs.

63.    By reason of the aforementioned policies and practices of Defendants CITY, KIRK, and DOES 6-10, DECEDENT was severely injured and subjected to pain and suffering and lost his life, and Plaintiffs suffered serious injuries and other harm.

64.    Defendants CITY, KIRK, and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.

Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

65.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY, KIRK, and DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, KIRK, and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

66.    As a result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs, and practices of Defendants CITY, KIRK, and DOES 6-10, defendants KIRK, TORRES, COLE, BRAMMER, GREENE, and URIBE, and CARTER directly participated in the wrongful conduct alleged in the factual allegations of this Complaint, or were integral participants in the wrongful conduct.

67.    As a direct and proximate result of the aforementioned policies, procedures, customs, and practices of Defendants CITY, KIRK, and DOES 6-10, DECEDENT suffered intense physical and emotional pain, anguish, distress, and despair before his death, and was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

68.    The actions of each of Defendants KIRK and DOES 6-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants KIRK and DOES 6-10.

1    69.    Plaintiffs seek wrongful death damages under this claim in their

2    individual capacities.  DEL REAL and DAVIS also seek survival damages under

3    this claim as successors-in-interest to DECEDENT.

4

5                          **SIXTH CLAIM FOR RELIEF**

6                        **False Arrest/False Imprisonment**

7                   (By all Plaintiffs against KIRK, CARTER, and CITY)

8    70.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

9    through 69 of this Complaint with the same force and effect as if fully set forth

10   herein.

11   71.    Defendants KIRK and CARTER, while working as a police officer and

12   police assistant, respectively, for the LBPD and acting within the course and scope

13   of their duties, intentionally deprived DECEDENT of his freedom of movement by

14   use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  KIRK

15   and CARTER detained DECEDENT without reasonable suspicion and arrested him

16   without probable cause.

17   72.    DECEDENT did not knowingly or voluntarily consent.

18   73.    The conduct of KIRK and CARTER was a substantial factor in causing

19   the harm to DECEDENT.

20   74.    Defendant City is vicariously liable for the wrongful acts of Defendants

21   KIRK and CARTER pursuant to section 815.2(a) of the California Government

22   Code, which provides that a public entity is liable for the injuries caused by its

23   employees within the scope of the employment if the employee's act would subject

24   him or her to liability.

25   75.    The conduct of KIRK and CARTER was malicious, wanton,

26   oppressive, and accomplished with a conscious disregard for the rights of

27   DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

28

Case No. CV 14 -02831 MWF (AJWx)
SECOND AMENDED COMPLAINT

76.     As a result of their misconduct, Defendants KIRK and CARTER are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

77.     Plaintiffs DEL REAL and DAVIS seek wrongful death damages under this claim in their individual capacities.  REAL and DAVIS also seek survival damages under this claim as successors-in-interest to DECEDENT.

78.     Plaintiff LOWERY seeks wrongful death damages under this claim in her individual capacity.

## SEVENTH CLAIM FOR RELIEF

### Battery

(By all Plaintiffs against Defendants CITY, KIRK, and CARTER)

79.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 78 of this Complaint with the same force and effect as if fully set forth herein.

80.     KIRK, while working as a police officer for the LBPD, and acting within the course and scope of his duties, intentionally shot DECEDENT multiple times.  CARTER was an integral participant or failed to intervene in the use of unreasonable force.  As a result of the actions of KIRK and CARTER, DECEDENT suffered severe pain and suffering and ultimately died from his injuries.  KIRK had no legal justification for using force against DECEDENT, and his use of force while carrying out his duties as a police officer was an unreasonable and nonprivileged use of force.

81.     As a direct and proximate result of the conduct of KIRK and CARTER as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity.  As a direct and proximate result of the conduct of KIRK and CARTER as alleged above, DECEDENT suffered survival damages pursuant to

1  Code of Civil Procedure Section 377.34.  Plaintiffs have also been deprived of the
2  life-long love, companionship, comfort, support, society, care and sustenance of
3  DECEDENT, and will continue to be so deprived for the remainder of their natural
4  lives.  Plaintiffs are also claiming loss of financial support.

5       82.    The CITY is vicariously liable for the wrongful acts of Defendants
6  KIRK and CARTER pursuant to section 815.2(a) of the California Government
7  Code, which provides that a public entity is liable for the injuries caused by its
8  employees within the scope of the employment if the employee's act would subject
9  him or her to liability.

10       83.    The conduct of KIRK and CARTER was malicious, wanton,
11  oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs
12  and DECEDENT, entitling Plaintiffs, in each case individually and as successors-in-
13  interest to DECEDENT, to an award of exemplary and punitive damages as to
14  Defendants KIRK and CARTER.

15       84.    Plaintiffs DEL REAL and DAVIS seek wrongful death damages under
16  this claim in their individual capacities.  REAL and DAVIS also seek survival
17  damages under this claim as successors-in-interest to DECEDENT.

18       85.    Plaintiff LOWERY seeks wrongful death damages under this claim in
19  her individual capacity.

20
21  **EIGHTH CLAIM FOR RELIEF**
22  **Negligence**
23  (By all Plaintiffs against all Defendants)
24       86.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1
25  through 85 of this Complaint with the same force and effect as if fully set forth
26  herein.
27
28

87.     The actions and inactions of Defendants KIRK, TORRES, COLE, BRAMMER, GREENE, URIBE, CARTER, and DOES 6-10 were negligent and reckless, including but not limited to:

(a)     the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b)     the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c)     the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d)     the failure to provide prompt medical care to DECEDENT;

(e)     the failure to properly train and supervise employees, both professional and non-professional, including KIRK, TORRES, COLE, BRAMMER, GREENE, URIBE, and CARTER;

(f)     the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g)     the negligent handling of evidence and witnesses;

(h)     the negligent communication of information during the incident; and

(i)     the negligent use of police assistant CARTER to attempt to provoke a violent confrontation with DECEDENT and draw him outside his residence.

88.     As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love,

1  companionship, comfort, support, society, care and sustenance of DECEDENT, and

2  will continue to be so deprived for the remainder of their natural lives.

3      89.    The CITY is vicariously liable for the wrongful acts of Defendants

4  KIRK, TORRES, COLE, BRAMMER, GREENE, URIBE, CARTER, and DOES 6-

5  10 pursuant to section 815.2(a) of the California Government Code, which provides

6  that a public entity is liable for the injuries caused by its employees within the scope

7  of the employment if the employee's act would subject him or her to liability.

8      90.    The conduct of Defendants KIRK, TORRES, COLE, BRAMMER,

9  GREENE, URIBE, CARTER, and DOES 6-10 was malicious, wanton, oppressive,

10  and accomplished with a conscious disregard for the rights of Plaintiffs and

11  DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to

12  DECEDENT, to an award of exemplary and punitive damages as to these

13  defendants.

14      91.    Plaintiffs DEL REAL and DAVIS seek wrongful death damages under

15  this claim in their individual capacities.  REAL and DAVIS also seek survival

16  damages under this claim as successors-in-interest to DECEDENT.

17      92.    Plaintiff LOWERY seeks wrongful death damages under this claim in

18  her individual capacity.

19

20              **NINTH CLAIM FOR RELIEF**

21              **Negligence—Bystander**

22       (By Plaintiff DEL REAL against Defendants CITY, KIRK, and CARTER)

23      93.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

24  through 92 of this Complaint with the same force and effect as if fully set forth

25  herein.

26      94.    Defendant KIRK, while working as a police officer for the LBPD and

27  while acting within the course and scope of his duties, negligently and carelessly

28  inflicted such emotional distress when he intentionally shot and killed DECEDENT

1   in front of Plaintiff DEL REAL. Defendant CARTER was an integral participant or

2   failed to intervene in the use of unreasonable force.

3        95.    Plaintiff DEL REAL was present and/or near the scene of the shooting

4   when the shooting of DECEDENT occurred. Plaintiff DEL REAL was aware that

5   DECEDENT was being injured at the time of the shooting.

6        96.    As a direct and proximate cause of Defendants' conduct, Plaintiff DEL

7   REAL was caused to suffer severe emotional distress, including but not limited to

8   anxiety, anguish, humiliation, and other injuries to his nervous system.

9        97.    Plaintiff DEL REAL brings this claim in his individual capacity as the

10   biological son of DECEDENT.

11

12                      **TENTH CLAIM FOR RELIEF**

13           **Violation of Bane Act (Cal. Civ. Code § 52.1)**

14   (By Plaintiffs DEL REAL and DAVIS against Defendants CITY, KIRK, TORRES,

15            COLE, BRAMMER, GREENE, URIBE, and CARTER)

16        98.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1

17   through 97 of this Complaint with the same force and effect as if fully set forth

18   herein.

19        99.    KIRK, TORRES, COLE, BRAMMER, GREENE, URIBE, and

20   CARTER attempted to interfere with and interfered with the rights of DECEDENT

21   of free speech, free expression, free assembly, due process, and to be free from

22   unreasonable search and seizure, by threatening and committing violent acts.

23        100.    DECEDENT reasonably believed that if he exercised his rights of free

24   speech, free expression, free assembly, due process, and to be free from

25   unreasonable search and seizure, KIRK, TORRES, COLE, BRAMMER, GREENE,

26   URIBE, and CARTER would commit violence against him.

27        101.    KIRK, TORRES, COLE, BRAMMER, GREENE, URIBE, and

28   CARTER injured DECEDENT to prevent him from exercising his rights of free

1    speech, free expression, free assembly, due process, and to be free from

2    unreasonable search and seizure, and retaliate against him for having exercised his

3    rights of free speech, free expression, free assembly, due process, and to be free

4    from unreasonable search and seizure.

5        102.    The conduct of KIRK, TORRES, COLE, BRAMMER, GREENE,

6    URIBE, and CARTER was a substantial factor in causing harm to DECEDENT.

7        103.   CITY is vicariously liable for the wrongful acts of KIRK, TORRES,

8    COLE, BRAMMER, GREENE, URIBE, and CARTER pursuant to section 815.2 of

9    the California Government Code, which provides that a public entity is liable for the

10   injuries caused by its employees within the scope of the employment if the

11   employee's act would subject him or her to liability.

12       104.   The conduct of KIRK, TORRES, COLE, BRAMMER, GREENE,

13   URIBE, and CARTER was malicious, wanton, oppressive, and accomplished with a

14   conscious disregard for the rights of DECEDENT, entitling DEL REAL and DAVIS

15   to an award of exemplary and punitive damages.

16       105.   DEL REAL and DAVIS seek survival damages under this claim as

17   successors-in-interest to DECEDENT.

18

19                    **ELEVENTH CLAIM FOR RELIEF**

20                 **Civil Rights Conspiracy (42 U.S.C. § 1983)**

21    (By Plaintiffs DEL REAL, DAVIS, and LOWERY against Defendants KIRK and

22                                  CARTER)

23       106.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1

24   through 105 of this Complaint with the same force and effect as if fully set forth

25   herein.

26       107.   On September 26, 2013, KIRK and CARTER expressly and impliedly

27   agreed to deprive DECEDENT and Plaintiffs of their constitutional rights of free

28   speech, free expression, free assembly, due process, and to be free from

Case No. CV 14 -02831 MWF (AJWx)
SECOND AMENDED COMPLAINT

1   unreasonable search and seizure, by threatening and provoking DECEDENT to

2   come out of his residence and using deadly force against him.

3       108.    The conduct of KIRK and CARTER was a substantial factor in

4   depriving DECEDENT and Plaintiffs of their constitutional rights.

5       109.   The conduct of Defendant KIRK and CARTER was willful, wanton,

6   malicious, and done with reckless disregard for the rights and safety of

7   DECEDENT, and therefore warrants the imposition of exemplary and punitive

8   damages as to these defendants.

9       110.   Plaintiffs seek wrongful death damages under this claim in their

10  individual capacities.  DEL REAL and DAVIS also seek survival damages under

11  this claim as successors-in-interest to DECEDENT.

12

13                        **<u>PRAYER FOR RELIEF</u>**

14      WHEREFORE, Plaintiffs request entry of judgment in their favor and against

15  Defendants City of Long Beach, Officer Jason M. Kirk, Officer Jayson O. Torres;

16  Officer Jonathan Cole; Officer Christopher Brammer; Officer Brian J. Greene;

17  Officer Lorenzo J. Uribe; Earl Carter; and Does 6-10, inclusive, as follows:

18          A.   For compensatory damages, including both survival damages and

19               wrongful death damages under federal and state law, in the

20               amount to be proven at trial;

21          B.   For funeral and burial expenses, and loss of financial support;

22          C.   For punitive damages against the individual defendants in an

23               amount to be proven at trial;

24          D.   For interest;

25          E.   For an award of reasonable attorneys' fees under federal and

26               state law, including a multiplier and litigation expenses;

27          F.   For costs of suit; and

28

1          G.     For such further other relief as the Court may deem just, proper,

2                 and appropriate.

3     DATED:  November 5, 2014          LAW OFFICE OF JOHN C. FATTAHI

4

5                                       By_____/s/ John C. Fattahi_____

6                                          John C. Fattahi
                                           *Attorneys for Plaintiffs Anthony Del Real,*
7                                          *Brittany Del Real Davis, and Shirley*
                                           *Lowery*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Plaintiffs hereby demand a trial by jury.

3

DATED:  November 5, 2014         LAW OFFICE OF JOHN C. FATTAHI

4

5

By_____ /s/ John C. Fattahi_____

6

John C. Fattahi

*Attorneys for Plaintiffs Anthony Del Real,*

7

*Brittany Del Real Davis, and Shirley*

8

*Lowery*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-24-